UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAMAR POWELL,

                Plaintiff,                      MEMORANDUM AND ORDER
                                                              18-CV-332 (RPK) (RLM)
    -against-

NEW YORK CITY POLICE DEPARTMENT,
KINGS COUNTY HOSPITAL, BRONX
LEBANON HOSPITAL, and BROOKDALE
HOSPITAL,

                Defendants.
---------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

        Plaintiff Jamar Powell filed this *pro se* action while incarcerated at Rikers Island, raising claims under 42 U.S.C. § 1983. Compl. at 1 (Dkt. #1). The complaint names as defendants the New York City Police Department ("NYPD"), Kings County Hospital, Bronx Lebanon Hospital, and Brookdale Hospital. *Ibid.* Plaintiff seeks to proceed *in forma pauperis*. IFP Application (Dkt. #2). Plaintiff's *in forma pauperis* application is granted for purposes of this Order, but the complaint is dismissed. Plaintiff's claims against Bronx Lebanon Hospital and Brookdale Hospital must be dismissed because plaintiff does not adequately allege that those private defendants were acting under color of state law, as Section 1983 requires. His claims against the NYPD and Kings County Hospital must be dismissed because they appear to name non-suable entities and because even if plaintiff had named the appropriate municipal defendants with respect to actions by those entities, his complaint fails to set forth a basis for municipal liability. Plaintiff is granted leave to file an amended complaint within 30 days of this Order. If plaintiff does not file an amended complaint within 30 days, the case will be dismissed.

## BACKGROUND

Plaintiff's complaint describes a pattern of harassment and abuse that began after "someone had confused plaintiff [with] a child molester." Compl. at 4 (spelling altered). Plaintiff alleges that when he was a patient at Brookdale Hospital, Kings County Hospital, and Bronx Lebanon Hospital, "patients and nurses tormented and tortured" him. *Id.* at 4-4a (spelling altered).[*] He alleges that "the New York City police department was made aware of the harassment that [he] was receiving," and that he asked police officers for help, but that officers "just sat there pretending like [he] was losing [his] mind." *Ibid.* (spelling altered). Plaintiff further alleges that on a separate occasion, people outside his apartment in the Bronx called him a child molester and threatened to kill him. *Id.* at 4a. According to plaintiff, when he called the police, they took him to Bronx Lebanon Hospital, where he was "put to sleep and raped" and "then admitted into the hospital while they said they had to investigate." *Ibid.* He states that later, he "continued to be tormented in public," but the police "laughed it off and let the torment continue." *Id.* at 4a-4b (spelling altered). Plaintiff alleges that he eventually broke a window to try to get police attention and was arrested as a result. *Id.* at 4b. He states that he was then "physically assaulted and raped again" at the Brooklyn Detention Center. *Ibid.* Plaintiff seeks substantial damages. *Id.* at 5.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must similarly dismiss any civil suit filed by an incarcerated person seeking redress from a governmental entity or from government officers or

---

[*] Plaintiff's complaint includes an addendum inserted in between pages 4 and 5 of the pre-printed complaint form. These pages are referred to as 4a and 4b.

employees "if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

When a court applies these standards to a *pro se* litigant's complaint, the complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

Plaintiff filed this action seeking damages under 42 U.S.C. § 1983, which "provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (internal quotations omitted).

3

Plaintiff's complaint must be dismissed because plaintiff has failed to state a claim under Section 1983 against any of the defendants.

I.  Claims Against Bronx Lebanon Hospital and Brookdale Hospital

Plaintiff has failed to state a claim under Section 1983 against the two private hospitals named as defendants: Bronx Lebanon Hospital and Brookdale Hospital. Private actors can be liable for misconduct under Section 1983 only if "the alleged infringement of federal rights" is "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting another source). To establish this nexus, a plaintiff seeking to hold a defendant liable for private conduct under Section 1983 must allege that (i) "the State compelled the conduct"; (ii) "there is a sufficiently close nexus between the State and the private conduct"; or (iii) "the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (quoting another source).

Here, plaintiff has suggested that nurses "tormented and tortured" him and that he was later "put to sleep and raped" in a hospital, Compl. at 4a (spelling altered), but the complaint, liberally read, does not make any argument or provide any basis to conclude that the conduct by private hospital employees that petitioner alleges is attributable to the State, *see White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (citation omitted) (explaining that private hospitals "are generally not proper § 1983 defendants because they do not act under color of state law"); *cf. Kia P. v. McIntyre*, 235 F.3d 749, 756 (2d Cir. 2000) (concluding that private hospital's rendering of medical care was not state action, but that actions of hospital employees "as part of the reporting and enforcement machinery" for the New York City Child Welfare Administration did constitute state action). Plaintiff's claims against the private hospital defendants must be dismissed because plaintiff has not stated a cognizable Section 1983 claim against those defendants.

4

II.     Claims Against the NYPD and Kings County Hospital

Plaintiff has also failed to state a claim against the NYPD and Kings County Hospital. As a threshold matter, neither defendant appears to be a suable entity. The NYPD is a "non-suable agency" of the City of New York. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citation omitted). That means that any claims against the NYPD should be brought against the City of New York. *See* N.Y.C. Charter § 396; *Walston v. City of New York*, 289 F. Supp. 3d 398, 402 n.1 (E.D.N.Y. 2018), *aff'd*, 754 F. App'x 65 (2d Cir. 2019). King County Hospital does not appear to be a suable entity, either. Courts have commonly concluded that "operating division[s]" of the New York City Health and Hospitals Corporation ("HHC"), such as Kings County Hospital, are "not . . . separate corporate entit[ies]" from HHC and should not be independently "subject to suit." *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 716 (E.D.N.Y. 2015) (dismissing an operating division of HHC from an action in which HHC was also named); *see Sulaymu-Bey v. City of New York*, No. 17-cv-3563 (AMD) (SJB), 2019 WL 1434597, at *10 n.18 (E.D.N.Y. Mar. 29, 2019) (noting, in dismissing Kings County Hospital from the suit, that HHC "has the capacity to be sued by statute, [but] Kings County Hospital does not"); *see also* N.Y. Unconsol. L. § 7385(1) (providing that HHC has the capacity to "sue and be sued"); *but see Phelan ex. rel. Phelan v. Mullane*, 512 F. App'x 88, 92 (2d Cir. 2013) (referring to Kings County Hospital and HHC as separate defendants).

Moreover, the portions of plaintiff's complaint concerning the NYPD and Kings County Hospital would fail to state a claim even if plaintiff had named the appropriate suable entities. Both the NYPD and Kings County Hospital are municipal entities. And a municipal entity can only be held liable under Section 1983 if an "action pursuant to official municipal policy of some nature" caused a deprivation of rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691

5

(1978); *see Connick v. Thompson*, 563 U.S. 51, 60-61 (2011).  Accordingly, to hold a municipality liable under Section 1983, a plaintiff must plead and prove (i) the existence of "an official policy or custom," that (ii) "causes the plaintiff to be subjected to," (iii) a "denial" of a federally guaranteed right.  *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).  Here, plaintiff has not alleged that any deprivation of his rights was connected to a municipal policy.  As a result, even if plaintiff had named the appropriate municipal defendants, his claims against those entities would be subject to dismissal.

III.   Leave to Amend

Plaintiff is granted leave to amend his complaint to name appropriate defendants and to set forth a valid basis for liability with respect to those defendants.  Plaintiff may include the City of New York and/or an appropriate municipal hospital defendant in an amended complaint if plaintiff sets out a good-faith basis for alleging that his rights were violated because of a municipal policy or custom attributable to the City or the appropriate municipal hospital defendant.  If plaintiff wishes to name individual defendants in the amended complaint, then the complaint must, at minimum, explain what each individual defendant did or failed to do that violated plaintiff's rights.  If plaintiff does not know the names of potential individual defendants, he may identify each of them as a John or Jane Doe defendant (*e.g.,* John Doe Correctional Officer or Jane Doe Physician) and include any identifying information he is able to provide.

CONCLUSION

The complaint is dismissed. Plaintiff may file an amended complaint as described above within 30 days. The new complaint must be captioned "Amended Complaint" and shall bear the same docket number as this Order. All further proceedings are stayed for 30 days. If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                     */s/ Rachel Kovner*
                                                    RACHEL P. KOVNER
                                                    United States District Judge

Dated: August 31, 2020
        Brooklyn, New York